IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| vs. | ) 2:20-cr-204-2 |
| PHILLIP AHMAD-REVIS, | ) |
| Defendant. | ) |

### MEMORANDUM ORDER

Before the Court is Defendant Phillip Ahmad-Revis's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) following amendments to the United States Sentencing Guidelines, which became effective on November 1, 2023. ECF 1250. Mr. Ahmad-Revis argues that a reduced sentence in accordance with Amendment 821 qualifies him for "Immediate Release." *Id.* After carefully considering Amendment 821 and the applicable policy statements, Mr. Ahmad-Revis's plea agreement, the Presentence Investigation Report, the judgment, and the relevant docket entries, the Court finds that Mr. Ahmad-Revis's sentence remains appropriate and hereby denies the motion.

### BACKGROUND

Mr. Ahmad-Revis was charged with one count of conspiracy to possess with intent to distribute and conspiracy to distribute 400 grams or more of fentanyl in violation of 21 U.S.C. § 846 and one count of possession with intent to distribute a quantity of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). ECF 3. Mr. Ahmad-Revis pleaded guilty to a lesser included offense of Count One and to Count Five of the indictment pursuant to a plea agreement with the government. ECF 910; ECF 911. In that agreement, the parties stipulated that the type and quantity of controlled substance attributable to Mr. Ahmad-Revis was between 40 and 160 grams of fentanyl. ECF 910, p. 4. The parties also agreed that the potential penalty for the lesser included offense at Count One was 5 to 40 years of

imprisonment and at least 4 years of supervised release, and that the potential penalty for Count Five was not more than 20 years of imprisonment and at least 3 years of supervised release. *Id.* at 3.

On August 24, 2022, the Court sentenced Mr. Ahmad-Revis in accordance with the mandatory minimum to 60 months of imprisonment, with four years of supervised release to follow. ECF 1074.

## DISCUSSION & ANALYSIS

Mr. Ahmad-Revis moves to reduce his sentence based on Amendment 821 of the Sentencing Guidelines. There is no question that Amendment 821 applies retroactively. U.S.S.G. § 1B1.10(d), (e)(2); *see* Amendment 821 to U.S.S.G. § 1B1.10 (effective Nov. 1, 2023). At issue here is the change to U.S.S.G. § 4A1.1(d). Under the prior version of Section 4A1.1(d), defendants received two criminal history points if they committed the instant offense while under any criminal justice sentence. Under the new version of Section 4A1.1(d), re-numbered as Section 4A1.1(e), defendants receive only one criminal history point if they commit the instant offense while under any criminal justice sentence *and* they receive seven or more criminal history points under subsections (a)-(d). U.S.S.G. § 4A1.1(e).

In deciding whether to reduce a sentence based on a retroactive amendment, courts use a two-step process. *Dillon v. United States*, 560 U.S. 817, 826 (2010). Step one requires the district court to determine the defendant's "eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. Step two requires the district court to consider any applicable sentencing factors under Section 3553(a) to determine whether any reduction authorized in step one is warranted. *Id.* If a sentencing reduction is not authorized by the amendment, the court need not reach the second step. *United States v. White*, No. 19-348, 2024 WL 128196, at *1 (N.D. Ohio Jan. 11, 2024). "[E]ven if an amendment is applicable to a defendant, a

sentence reduction is not authorized under 18 U.S.C. § 3582(c)(2) if a statutory mandatory minimum term of imprisonment applies." *United States v. Bailey*, No. 19-142, 2024 WL 453619, at *3 (E.D. Pa. Feb. 6, 2024) (citing U.S.S.G. § 1B1.10, Application Note 1(A)).

Here, Mr. Ahmad-Revis's motion fails at step one: he is not eligible for a sentence reduction because the Court's prior sentence was based on the statutory mandatory minimum sentence of 60 months, not the Guidelines. Importantly, his sentence was higher than both the pre-Amendment 821 and post-Amendment 821 Guidelines ranges.[1] As such, the recent amendment to the Guidelines has no material effect on Mr. Ahmad-Revis's sentence, and he cannot obtain a reduction. *United States v. Kane*, No. 22-232, 2024 WL 1555823, at *1 (N.D. Ohio Apr. 10, 2024) ("Application of the Amendment, however, does not lower Mr. Kane's guideline range because the mandatory minimum of 60 months remains above either calculated guideline range[.]").

\* \* \*

**AND NOW**, this 30th day of May, 2024, it is hereby **ORDERED** that Mr. Ahmad-Revis's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) (ECF 1250) is **DENIED**.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge

---

[1] At sentencing, Mr. Ahmad-Revis's total offense level was 21 and he had three criminal history points, resulting in a criminal history category of II. ECF 985. This included two points under the prior version of Section 4A1.1(d). *Id.* This resulted in a Guidelines range of 41 to 51 months of imprisonment. Under the new version of Section 4A1.1(e), Mr. Ahmad-Revis would have a total of one criminal history point, because he would not qualify for any additional points under Section 4A1.1(e). His new criminal history score would be one, for a criminal history category of I. A total offense level of 21 and a criminal history score of I results in a Guidelines range of 37 to 46 months of imprisonment.